IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

HERBERT W. LUX, JR., *and* JANICE M. LUX,
    *Plaintiffs*,

v.    Civil Action No. 3:23CV541 (RCY)

ROGER L. HARRIS, *et al.*,
    *Defendants*.

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiffs' Motion to Reconsider Final Order and Rule on Pending Motion for Leave to Amend and Amended Complaint ("Motion to Reconsider," ECF No. 28) and Plaintiffs Motion to Strike Unauthorized Filing and Request to Amend Final Order ("Motion to Strike, ECF No. 35). Plaintiffs seek reconsideration of the Court's Final Order that denied Plaintiffs' Motion for Leave to Amend as moot and closed the case. For the reasons set forth below, the Court will deny Plaintiffs' Motion to Reconsider (ECF No. 28) and Motion to Strike (ECF No. 35).

**I. BACKGROUND**

The relevant facts underlying Plaintiffs' claims are set forth in detail in the Memorandum Opinion supporting the Court's dismissal of Plaintiffs' original Complaint.[1] In brief, this action arises out of the arrest and extradition of Herbert W. Lux ("Mr. Lux"). Plaintiffs initiated this action on August 23, 2023 against two groups of defendants: (1) Virginia Defendants, consisting of several Spotsylvania County Sheriff's Officers and Paul Walther, the Commonwealth's Attorney for Culpeper County who demanded Mr. Lux's extradition, and (2) New York

---

[1] The Court incorporates by reference the facts set forth in the Memorandum Opinion issued on September 9, 2024. *Lux v. Harris et al.*, No. 3:23CV541, 2024 WL 4124682 (E.D.Va. Sept. 9, 2024).

Defendants, comprised of six employees of the Erie County Sheriff's Office in Buffalo, New York who arrested and carried out Mr. Lux's extradition.  *See generally* Compl., ECF No. 1.  Plaintiffs generally asserted, against all Defendants, that Mr. Lux was unlawfully arrested and maliciously prosecuted and that the arresting officers subjected Plaintiffs to excessive force when arresting Mr. Lux.  *See* Compl. ¶¶ II, III.C.1–III.C.4, IV.  Plaintiffs brought a handful of claims pursuant to 42 U.S.C. § 1983 arising out of this incident, which the Court construed as claims for unlawful arrest, malicious prosecution, and excessive force, all in violation of the Fourth Amendment.  *See* Mem. Op., ECF No. 20 at 7.  Virginia Defendants moved to dismiss all three claims, arguing that Plaintiffs failed to allege any violation of a constitutional right, but even if they had, Plaintiffs failed to articulate how Virginia Defendants had violated it.  *Id.*

By Memorandum Opinion entered on September 9, 2024, the Court granted Virginia Defendants' Motion to Dismiss in its entirety. The Court first addressed the unlawful arrest claim, based on Plaintiffs' assertion that Mr. Lux was arrested without a warrant.  Compl. ¶ III.C.4; *see* Mem. Opp'n Mot. Dismiss 2–4, ECF No. 11.  The Court noted that a warrantless arrest is not *per se* unlawful, so long as there is probable cause for the arrest.  Mem. Op. 8.  The Court concluded that, in reading the facts alleged in the light most favorable to Plaintiffs, probable cause did in fact exist for Mr. Lux's arrest.  *Id.* at 9.  In addition to finding sufficient probable cause, Court noted that Plaintiffs provided no factual allegations to suggest that Virginia Defendants acted recklessly or made intentionally false statements or omissions in communicating with the arresting officers, such as could form the basis for § 1983 liability for false arrest.  *Id.* at 10.

The Court next turned to the malicious prosecution claim.  *See, e.g.*, Compl. ¶ III.C.4 ("Knowing all the above facts[,] [CA] Walther chose to maliciously prosecute Mr. Lux anyway.").

2

The Court dismissed this claim on the grounds that probable cause existed for Mr. Lux's arrest, as articulated in its analysis of the unlawful arrest claim. *Id.* at 11.

Finally, the Court addressed Plaintiffs' excessive force claim. The Court concluded that Virginia Defendants were not affirmatively involved in the alleged use of excessive force during Mr. Lux's arrest; rather, Plaintiffs' allegations surrounding the use of excessive force only pertained to the arresting officers (New York Defendants). *Id.* at 13. Without any affirmative involvement in the alleged misconduct, Plaintiffs' claims against Virginia Defendants could only proceed on theories of bystander liability and supervisory liability. *Id.* at 13–14. The Court found that Plaintiffs' allegations were insufficient to plausibly state a claim under either theory of liability, *id.* at 14–15, and thus, dismissed this final claim against Virginia Defendants.

## II. RELEVANT PROCEDURAL HISTORY

Following the Court's Memorandum Opinion granting Virginia Defendants' Motion to Dismiss, Plaintiffs filed their Motion for Leave to Amend Complaint as to Virginia Defendants on September 26, 2024. Mtn. Am. Compl., ECF No. 23. The Court thereafter directed Virginia Defendants to respond to Plaintiffs' Motion. Order, ECF No. 24. Virigina Defendants responded in opposition to Plaintiffs' Motion for Leave to Amend on October 11, 2024. Opp'n Mtn. Am. Compl., ECF No. 25. Plaintiffs did not file a reply in support of their Motion for Leave to Amend.

On April 28, 2025, Plaintiffs filed a Notice of Voluntary Dismissal as to New York Defendants, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Not. Vol. Dismiss., ECF No. 28. That same day, the Court entered a Final Order acknowledging Plaintiffs' Notice of Voluntary Dismissal. Final Order, ECF No. 27. Given that Plaintiffs sought to voluntarily dismiss the only remaining Defendants in this action, the Court denied as moot Plaintiffs' Motion for Leave to Amend Complaint (ECF No. 23) and closed the case. *Id.*

On May 27, 2025, Plaintiffs filed the instant motion, seeking reconsideration of the Court's closing of this case and denial of Plaintiff's Motion to Amend Complaint as moot. Mtn. Recons., ECF No. 28. Defendants oppose reconsideration of the Court's April 28, 2025 Final Order. Resp. Opp'n Mtn. Recons., ECF No. 33.

On June 10, 2025, Virginia Defendants filed a Motion to Substitute Counsel. ECF No. 31. Therein, counsel requested that the Court permit the withdrawal of Virgina Defendants' prior counsel and substitute two attorneys who noticed their appearances for Virginia Defendants before filing the Motion to Substitute. Not. Appearances, ECF Nos. 29, 30. The Court granted the Motion to Substitute. Order, ECF No. 34.

Shortly thereafter, on June 20, 2025, Plaintiffs filed a Motion to Strike Unauthorized Filing and Request to Amend Final Order, wherein they contend that Virginia Defendants' Response in Opposition violated Federal Rules of Civil Procedure 11(a) and 12(f), as well as Local Civil Rule 83.1(G). Mtn. Strike, ECF No. 35, Mem. Supp. Mtn. Strike, ECF No. 36.

Virginia Defendants deny that their Response in Opposition violates any Federal Rules of Civil Procedure or the Local Rules of this Court. Resp. Opp'n Mtn. Strike, ECF No. 37. In briefing Plaintiffs' Motion to Strike, both parties bolster their respective positions on the Motion to Reconsider. *See generally* Mem. Supp. Mtn. Strike; Resp. Opp'n Mtn. Strike. As such, the Court will consider the parties' arguments relevant to the Motion to Reconsider contained within the briefing on the Motion to Strike.

### III. STANDARD OF REVIEW

The Court "may not grant [a] post-judgment motion [to amend] unless the judgment is vacated pursuant to Rule 59(e) or [Rule] 60(b)." *Daulatzai v. Maryland*, 97 F.4th 166, 176 (4th Cir. 2024) (quoting *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc); *see also Britt v.*

*DeJoy*, 45 F.4th 790, 793 (4th Cir. 2022) (en banc) ("[A] plaintiff may only amend her complaint following a judgment if [she] file[s] a motion to reopen or to vacate the judgment under [Rule] 59(e) or [Rule] 60(b)"). Plaintiffs move to under both "Rule 59(e) and/or Rule 60(b)." Mtn. Recons. 1. As such, the Court outlines below the relevant standards for each.

### A. Rule 59(e) Standard

Rule 59(e) permits litigants to bring motions to alter or amend a judgment within twenty-eight days of the entry of final judgment. Fed. R. Civ. P. 59(e). The standard for granting a Rule 59(e) motion is "broad," *Daulatzai*, 97 F.4th at 178; however, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 590 U.S. 504, 140 (2020). The Fourth Circuit has previously recognized three grounds by which alteration of a previous judgment is permissible: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

In the context of Rule 59(e) motions that examine a court's decision to deny leave to amend, the Fourth Circuit has stated that "to determine whether vacatur is warranted, however, the court need not concern itself with [Rule 59(e)'s] legal standard." *Katyle,* 637 F.3d at 471. Rather, "[t]he court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to [Rule] 15(a)." *Id.; see also Laber,* 438 F.3d at 426–29. Thus, the Court's Rule 59(e) analysis will merge with the underlying Rule 15(a) analysis for motions for leave to amend pleadings.

5

**B. Rule 60(b) Standard**

In contrast to Rule 59(e), Rule 60(b) permits the court to "relieve a party… from a final judgment, order, or proceeding" beyond Rule 59(e)'s twenty-eight-day window. Fed. R. Civ. P. 60(b); *Daulatzai*, 97 F.4th at 178. Unlike the broad discretion afforded under Rule 59(e), Rule 60(b) identifies six grounds upon which such relief can be granted. Rules 60(b)(1) through (b)(5) provide specific bases for relieving a litigant from final judgment, including mistake, newly discovered evidence, or fraud. Fed. R. Civ. P. 60(b)(1)–(b)(5); *Kemp v. United States*, 596 U.S. 528, 533 (2022). Rule 60(b)(6) functions as a "catchall" and provides relief for "any other reason that justifies relief." *Id.* The Fourth Circuit has explained that "before a party may seek relief under Rule 60(b), a party first must show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citation omitted). Once this "initial threshold" is crossed, the party "then must satisfy one of the six specific sections of Rule 60(b)" listed above. *Id.* Rule 60(b)(6) relief "is available only when Rules 60(b)(1) through (b)(5) are inapplicable," and the Supreme Court has held that this relief requires a showing of "extraordinary circumstances." *Kemp*, 596 U.S. at 533.

## IV. ANALYSIS

Plaintiff urges the Court to reconsider its decision to close this case without ruling on Plaintiffs' pending Motion for Leave to Amend Complaint. Mtn. Recons. 1, ECF No. 28. Plaintiffs' Motion for Leave to Amend appears to be grounded in their belief that the Court misunderstood and improperly construed a malicious prosecution claim in the original Complaint. Mtn. Leave Am. 1, ECF No. 23; Mtn. Recons. 3. Plaintiffs view the Court's failure to rule on this

motion as "implicat[ing] constitutional violations, including the Due Process and Equal Protection of the Fourteenth Amendment." Mtn. Recons. 1.

Plaintiffs move the Court under both Rule 59(e) and Rule 60(b) to reconsider its decision to close the case before providing a fulsome ruling on Plaintiffs' Motion for Leave to Amend. Thus, the Court will evaluate Plaintiffs' Motion to Reconsider under both standards.

**A. Plaintiffs Are Not Entitled to Rule 59(e) Relief**

Plaintiffs first urge the Court to re-evaluate its Final Order under Rule 59(e). As noted above, the Fourth Circuit has held that the question before the district court on a Rule 59(e) motion considering a court's denial of leave to amend is "whether amendment should be granted, just as it would on a prejudgment motion to amend pursuant to [Rule] 15(a)." *Katyle,* 637 F.3d at 471. As such, the Court will analyze Plaintiff's Amended Complaint under Rule 15(a).

Under Federal Rule of Civil Procedure 15(a)(2), a court "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has emphasized that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In accord, the Fourth Circuit's policy is to "liberally allow amendment." *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021) (citing *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)). Thus, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman*, 371 U.S. at 182).

In the Motion for Leave to Amend, Plaintiffs claim that the Court "misunderstood the Complaint that has been filed against the Virginia Defendants." Mtn. Leave Am. 1. Plaintiffs clarify that they did not intend to bring a malicious prosecution claim and broadly request that the

7

Court "allow them to amend their Complaint so they may overcome any deficiencies it may have so the Defendants and this Court will understand their legitimate claims." *Id.*

Through prior counsel, Virginia Defendants opposed Plaintiffs' Motion for Leave to Amend. Opp'n Mtn. Am. Compl., ECF No. 25. Therein, Virginia Defendants argued that the applicable basis for Plaintiffs' request should be Rule 60 relief from final judgment. *Id.* at 2. Regardless of whether Rule 60 governed Plaintiffs' request, however, Virginia Defendants insisted that leave to amend is not warranted because Plaintiffs failed to remedy the Complaint's flaws prior to the Court's Memorandum Opinion dismissing Plaintiffs' claims, despite ample opportunity to do so. *Id.* at 2–3.

Through new counsel, and in response to Plaintiffs' Motion to Strike,[2] Virginia Defendants refine their opposition to Plaintiffs' Motion for Leave to Amend. There, Virginia Defendants contend that granting leave to amend would be futile, as Plaintiffs have not addressed any of the deficiencies the Court identified in Plaintiff's original Complaint. Resp. Opp'n Mtn. Strike 4. Virginia Defendants construe Plaintiffs' request to amend as hinging on their representation that they did not assert a malicious prosecution claim; however, Virginia Defendants highlight that Plaintiffs fail to address any of the other bases on which the Court granted Virginia Defendants' Motion to Dismiss—specifically, the impropriety of Plaintiffs' challenging the underlying charges against them through a § 1983 claim. *Id.* Virginia Defendants also point out that Plaintiffs base their § 1983 claims in the Amended Complaint on purported state law violations, though § 1983

---

[2] In their Response in Opposition to the Motion to Reconsider, Virginia Defendants initially argued that Plaintiffs were not entitled to relief under Rule 59(e) because the Motion to Reconsider was filed twenty-nine days after the Court's Final Order, and thus, was outside the twenty-eight-day window prescribed by Rule 59(e). Resp. Opp'n Mtn. Recons. 3. However, Virginia Defendants later acknowledge, in their Response in Opposition to Plaintiffs' Motion to Strike, that Plaintiffs' Motion to Reconsider under Rule 59(e) was in fact timely. *See* Resp. Opp'n Mtn. Strike 2. Virginia Defendants then argued the futility of amendment, which the Court will analyze in turn. *Id.* at 3–4.

8

exclusively protects federal rights.  *Id.* (citing *Health & Hosp. Corp. v. Talevski*, 599 U.S. 166, 176-177 (2023)).

The Court notes that Plaintiffs do not clearly articulate why they are entitled to relief under Rule 59(e).  Nor do Plaintiffs explain why leave should be granted per Rule 15(a)(2) beyond their assertion that Defendants "offer no showing of undue delay, prejudice, bad faith, or futility," and on this basis alone, leave to amend is warranted.  Reply Mtn. Strike 3, ECF No. 38.  Instead of detailing exactly how the Amended Complaint will supplant and remedy their claims,[3] Plaintiffs broadly seek leave to cure "any deficiencies" in the original Complaint.  Mtn. Leave Am. 1.  Virginia Defendants do not argue that amendment is made in bad faith or that they would be prejudiced by the Amended Complaint; instead, Virginia Defendants ground their opposition on the futility of amendment.  Thus, the Court will analyze whether the proposed amendments are in fact futile.

Courts may deny leave to amend a pleading if the proposed amendments would be futile.  *Save Our Sound OBX, Inc. v. N.C. DOT*, 914 F.3d 213, 228 (4th Cir. 2019).  "A proposed amendment is futile when it is clearly insufficient or frivolous on its face ... [or] if the claim it presents would not survive a motion to dismiss."  *Id.*; *see, e.g.*, *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 375 (4th Cir. 2008) (finding amendment futile when the proposed amended complaint does not properly state claim under Rule 12(b)(6); *Van Leer v. Deutsche Bank Sec., Inc.*, 479 F. App'x 475, 479 (4th Cir. 2012) (unpublished).

---

[3] With regards to the assertion that the Court improperly construed a malicious prosecution claim, the Court agrees with Virginia Defendants in that this representation, without more, cannot justify leave to amend.  Further, the malicious prosecution claim was only one of three claims that the Court previously dismissed as failing to state a claim, *see generally* Mem. Op., ECF No. 30, and Plaintiffs raise no arguments as to the Court's findings on the unlawful arrest or excessive force claims.  The Court will discuss the improper reading of a malicious prosecution claim in its Rule 60(b) analysis below.

Upon review of the Amended Complaint and the arguments provided by both Plaintiffs and Virginia Defendants, the Court believes amendment would be futile and thus must deny Plaintiff's request for leave to amend. In sum, Plaintiffs' proposed Amended Complaint fails to cure any of the deficiencies noted in the Court's prior Memorandum Opinion granting Virginia Defendants' Motion to Dismiss.

The Court now turns to an analysis of Plaintiffs' proposed Amended Complaint. There, Plaintiffs again seek to bring a host of claims against all Defendants pursuant to 42 U.S.C. § 1983. Am. Compl., ECF No. 23-1. Construing Plaintiffs' allegations liberally, and focusing exclusively on those allegations pertinent to Virginia Defendants, Plaintiffs generally assert Fourth and Fourteenth Amendment violations through the unlawful arrest and illegal extradition of Mr. Lux. Specifically, Plaintiffs allege that: (1) Defendant Walther intentionally requested that both the Spotsylvania County and Erie County officers engage in a warrantless arrest, in violation of the Uniform Criminal Extradition Act and Fourteenth Amendment's due process clause, *id.* ¶ III.C., (2) Defendant Seay's use of a phone call as a detainer failed to comply with the Uniform Criminal Extradition Act and violated Plaintiffs' Fourth and Fourteenth Amendment due process rights, *id.* ¶ III.C.9, and (3) Virginia Defendants generally violated Mr. Lux's Fourteenth Amendment due process rights by "initiat[ing] the extradition without following the required due process of the Uniform Criminal Extradition Act….," *id.* ¶ III.C.11.

The Court will now address the unlawful arrest and illegal extradition claims in turn.

<u>1.   Unlawful Arrest in Violation of the Fourteenth Amendment Due Process Clause</u>

In the proposed Amended Complaint, Plaintiffs appear to assert a due process claim against Defendant Walther for directing the New York Defendants to arrest Mr. Lux without a warrant. Am. Compl. ¶ III.C. However, the Court believes that granting leave to amend to establish a due

10

process violation based on the warrantless arrest would be futile. For the reasons stated in the Court's Memorandum Opinion granting Virginia Defendants' Motion to Dismiss, and as summarized above, Mr. Lux's arrest was supported by probable cause, and was therefore valid, even absent a warrant. *See* Mem. Op. 8–10. The fact that Plaintiffs now bring this unlawful arrest claim within the Fourteenth Amendment's due process clause framework does not alter the Court's conclusion—in fact, Plaintiffs' claims were properly brought under the Fourth Amendment in the original Complaint, notwithstanding the Court's finding of probable cause that rendered Mr. Lux's arrest valid. *Id.* 9–10; *see Gerstein v. Pugh*, 420 U.S. 103, 124 n.7 (1975) ("The Fourth Amendment was tailored explicitly for the criminal justice system, and its balance between individual and public interests always has been thought to define the 'process that is due' for seizures of person or property in criminal cases…"); *Safar v. Tingle*, 859 F.3d 241, 245 (4th Cir. 2017) (recognizing "the Supreme Court's injunction that the Due Process Clause is not the proper lens through which to evaluate law enforcement's pretrial missteps."). As such, Plaintiffs will not be granted leave to establish a renewed unlawful arrest claim.

　　2. Illegal Extradition in Violation of Fourth and Fourteenth Amendment Due Process Rights

The Court now turns to Plaintiffs' claims that they were denied due process through Virginia Defendants' failure to adhere to the Uniform Criminal Extradition Act, resulting in the illegal extradition of Mr. Lux. Specifically, Plaintiffs allege that, to arrest someone without a warrant for extradition, "the individual must stand charged in the 'courts of another state with a crime punishable by death or imprisonment for a term exceeding one year," but here, Mr. Lux claims to have only been charged with two misdemeanors. Am. Compl., ¶ III.C.1. Further, Plaintiffs believe that Defendant Seay's instruction to the arresting officers to use a phone call as a detainer constitutes a "willful failure" to adhere to the Uniform Criminal Extradition Act. *Id.*

¶ III.C.8. Virginia Defendants' coordination to effect the warrantless entry, arrest, and extradition, Plaintiffs insist, amounts to violations of their Fourth and Fourteenth Amendment due process rights.

In their original Complaint, Plaintiffs similarly asserted violations of the Uniform Criminal Extradition Act, codified in New York as Article 570 of New York Criminal Procedure Law. In its prior Memorandum Opinion, the Court articulated that, to the extent Plaintiffs were attempting to rest a § 1983 claim solely based on purported state law violations, such a claim must fail. *See* Mem. Op. 7 n.7; *see, e.g., Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) (holding that to state a claim for relief in a § 1983 action, the complaining party must establish that they were deprived of a right secured by the Constitution or laws of the United States). Thus, in deciding Virginia Defendants' prior Motion to Dismiss, the Court analyzed Plaintiffs' extradition procedure arguments within the broader context of its Fourth Amendment analysis. In the proposed Amended Complaint currently before the Court, Plaintiffs attempt to bolster their Uniform Criminal Extradition Act claims by stating that these purported violations also implicate their constitutional rights under the Fourth and Fourteenth Amendments.

Plaintiffs' illegal extradition claim falters in two respects. First, Plaintiffs fail to establish how the actions of Virginia Defendants violated the Uniform Criminal Extradition Act, as codified in New York state. And even if they had, Plaintiffs have not sufficiently articulated a constitutional injury, such that their Uniform Criminal Extradition Act claims can serve as a proper basis for their § 1983 claim.

As a threshold matter, several courts examining this issue have held that a § 1983 action can be brought on the grounds that "state extradition statutes are derivative of or are implementing federal law (i.e., the Extradition Clause [U.S. Const. art. IV, § 2, cl. 2] and the federal extradition

12

statute [18 U.S.C. § 3182])." *Bolick v. Thompson*, 2021 WL 2283880, at *2 (D.S.C. June 3, 2021) (quoting *Scull v. New Mexico*, 236 F.3d 588, 596 n.1 (10th Cir. 2000). Thus, to state a § 1983 claim for illegal extradition, "an individual must show that the violation of the state's extradition laws 'cause[d] the deprivation of rights protected by the Constitution and statutes of the United States.'" *Batten v. Gomez*, 324 F.3d 288, 294 (4th Cir. 2003) (quoting *Wirth v. Surles*, 562 F.2d 319, 322 (4th Cir.1977) (arrest and transportation of alleged fugitive without extradition proceedings does not constitute defense to criminal prosecution but does create cause of action pursuant to § 1983). So, Plaintiffs must establish that Virginia Defendants not only violated the state's extradition laws, but that this violation led to a deprivation of Plaintiffs' due process rights. *See id.*

Plaintiffs repeatedly cite two sections of New York's Criminal Procedure Law which codified the Uniform Criminal Extradition Act. § 570.32, titled "Arrest of accused before making of requisition," states:

> Whenever any person within this state shall be charged on the oath of any credible person before any local criminal court of this state with the commission of any crime in any other state… the local criminal court shall issue a warrant directed to any police officer directing him to apprehend the person named therein, wherever he may be found in this state, and to bring him before the same or any other local criminal court which may be available in or convenient of access to the place where the arrest may be made, to answer the charge or complaint and affidavit, and a certified copy of the sworn charge or complaint and affidavit upon which the warrant is issued shall be attached to such warrant.

N.Y. Crim. Proc. Law § 570.32 (McKinney 2025). Thus, this provision governs the processes for a warrant to be issued and for an individual to be brought before "a local criminal court of this state"—i.e., a court in New York state.

The second provision Plaintiffs claim was violated by Virginia Defendants is § 570.34, titled "Arrest of accused without warrant therefor." This statute provides:

13

> The arrest of a person in this state may be lawfully made also by any police officer or a private person, without a warrant, upon reasonable information that the accused stands charged in the courts of another state with a crime punishable by death or imprisonment for a term exceeding one year; but when so arrested the accused must be taken before a local criminal court with all practicable speed and complaint must be made against him under oath setting forth the ground for the arrest as in the preceding section; and, thereafter, his answers shall be heard as if he had been arrested on a warrant.

N.Y. Crim. Proc. Law § 570.34 (McKinney 2025). Like § 570.32, this provision too governs procedures for law enforcement officers and local criminal courts in the state of New York.

As articulated in the Court's prior Memorandum, "the Virginia Defendants' only actions occurred in Virginia when they took steps to *initiate* Mr. Lux's arrest and extradition." Mem. Op. 13 (emphasis added). While Virginia Defendants contacted New York Defendants and requested the arrest and extradition of Mr. Lux, the record before the Court establishes no affirmative conduct on behalf of Virginia Defendants which would amount to a violation of New York's adoption of the Uniform Criminal Extradition Act, as it applies to New York's law enforcement officers and criminal court system.

Furthermore, Plaintiffs do not cite, nor is the Court aware of, any caselaw establishing that agents of a state demanding extradition—in this case, Virginia Defendants—have an affirmative duty to ensure that extradition proceedings in the extraditing state conform to the relevant extradition laws of that state. In fact, courts have arrived at just the opposite conclusion. *See Young v. Collier*, 2006 WL 2706965 (D.S.C. Sept. 18, 2006), *aff'd*, 252 F.App'x 575 (4th Cir. 2007) (finding officers of the demanding state "were under no duty to inquire into the propriety of the underlying extradition procedures"); *Bolick v. Tomkins*, 2022 WL 4376816 (D.S.C. Sept. 22, 2022); *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982) (finding a Missouri extradition statute that required Missouri authorities to hold a judicial hearing before delivering a fugitive to the demanding state imposed no duty on the demanding state agents to ensure that the pre-

14

extradition hearing was held). In the absence of an obligation for Virginia Defendants to ensure that New York's extradition laws were followed by New York Defendants, this Court cannot conclude that Virginia Defendants illegally extradited Mr. Lux.

In the absence of concrete allegations establishing how Virginia Defendants, by their own actions, violated New York's extradition laws, Plaintiffs' illegal extradition claim necessarily fails. As such, the Court finds that granting leave to amend these claims would be futile and must necessarily also conclude that Plaintiffs are not entitled to Rule 59(e) relief.

**B. Plaintiffs Are Not Entitled to Rule 60(b) Relief**

The Court now proceeds to Plaintiffs' request for relief pursuant to Rule 60(b). In their Motion for Reconsideration, Plaintiffs do not identify the specific grounds upon which they believe Rule 60(b) relief is warranted; instead, Plaintiffs simply state they are entitled to Rule 60(b) relief due to the "erroneous judgment that prematurely closed the case." Mtn. Recons. 4.

Virginia Defendants argue that Plaintiffs are not entitled to Rule 60(b) relief because Plaintiffs fail to identify the precise grounds upon which such relief would be warranted. Resp. Opp'n Mtn. Recons. 3. To the extent Plaintiffs are entitled to 60(b) relief, Virginia Defendants construe Plaintiffs' argument regarding the purported "misrepresentation" of Plaintiffs' claims as implicating Rule 60(b)(3). *Id.* at 4. In the event Plaintiffs are in fact relying on Rule 60(b)(3), Virginia Defendants insist that Plaintiffs have not met their burden in showing that the judgment against them was "procured by unfair means." *Id.* (quoting *Morgan v. Tincher*, 90 F.4th 172, 177 (4th Cir. 2024)). Finally, Virginia Defendants contend that Plaintiffs are not entitled to relief under Rule 60(b)(6)'s catch-all provision, as this relief is reserved for "extraordinary circumstances," which Plaintiffs do not demonstrate. *Id.* at 5 (quoting *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025)).

The Court agrees with the Virginia Defendants. As an initial matter, Plaintiffs have not made the threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances" that is required prior to seeking Rule 60(b) relief. *Dowell,* 993 F.2d at 48. Further, nowhere in Plaintiffs' briefing on the Motion to Reconsider or the Motion to Strike do Plaintiffs identify which of the six specific bases for Rule 60(b) relief they are entitled to. As such, the Court, like Virginia Defendants, are left to speculate as to which grounds Plaintiffs seek relief. While the Court may not make arguments on Plaintiffs' behalf, *see Weller v. Dep.'t Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990), but in deference to Plaintiffs' *pro se* status, the Court will explain below why Rule 60(b)(3) and (b)(6)—which the Court agrees would be the only possible avenues for Rule 60(b) relief here—are not viable for Plaintiffs.

Rule 60(b)(3) states that a litigant may be relieved from final judgment in instances of "fraud…, misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "In reviewing a request for such relief, a court does not assess the merits of a judgment, but instead focuses on whether the judgment was procured by unfair means." *Morgan v. Tincher*, 90 F.4th 172, 177 (4th Cir. 2024) (citing *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1007 (4th Cir. 2014) (en banc)). "Rule 60(b)(3) focuses not on erroneous judgments as such, but on judgments which were unfairly procured." *Schultz,* 24 F.3d at 631.

Here, Plaintiffs state that the Virginia Defendants "misrepresented" to the Court that Plaintiffs brought a malicious prosecution claim, which they insist they did not. Mtn. Recons. 3. Plaintiffs go on to state that Virginia Defendants' former counsel "intentionally misrepresented Plaintiffs' claims to the Court;" they appear to base this claim solely on the outcome of a disciplinary action brought against Virginia Defendants' former counsel, which resulted in the revocation of former counsel's license to practice law. *Id.* at 3, n.1. However, in the absence of

specific allegations of misconduct by former counsel that are both directly related to the instant action and suggest that the judgment in this matter was "unfairly procured," *Schultz*, 24 F.3d at 631, this disciplinary action has no bearing whatsoever on the Court's analysis here.

Importantly, the Court likewise—and independently—construed the original Complaint as asserting a malicious prosecution claim. This was not a misunderstanding, as Plaintiffs represent; instead, this conclusion was based on both a liberal reading of Plaintiffs' Fourth Amendment claims and Plaintiffs' own representation that "[k]nowing all the above facts[,] Walther chose to maliciously prosecute Mr. Lux anyway." Compl. ¶ III.C.4. Plaintiffs' allegations, coupled with this specific representation in the Complaint, properly led both opposing counsel and the Court to construe a malicious prosecution claim. Accordingly, and in the absence of allegations indicating that their final judgment was procured by misconduct, Plaintiffs have not established a basis upon which 60(b)(3) relief may be granted.

Next, the Court turns to Rule 60(b)(6), which functions as a catchall for "any other reason" not covered in paragraphs (1) through (5). The Supreme Court has made clear that Rule 60(b)(6) relief "requires extraordinary circumstances." *BLOM Bank*, 605 U.S. at 210. "That standard does not become less demanding when a Rule 60(b)(6) movant also hopes to amend his complaint… a party seeking to reopen his case and replead must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before Rule 15(a)'s liberal amendment standard can apply." *Id.*

Here, Plaintiffs have not alleged any extraordinary circumstances that would entitle them to Rule 60(b)(6) relief. Plaintiffs had an opportunity to challenge the purported "misrepresentations" made by Virginia Defendants' prior counsel in their briefing on the Motion to Dismiss; likewise, Plaintiffs could have amended their Complaint long before the Court issued its decision dismissing of Plaintiffs' claims. Neither Plaintiffs' disagreement with the Court's

17

outcome on that motion, nor the outcome of Virginia Defendants' prior counsel's disciplinary action, amount to "extraordinary circumstances" warranting Rule 60(b)(6) relief. As such, to the extent Plaintiffs rely upon Rule 60(b)(6), Plaintiffs have not met their burden under this standard and thus the Court will not disturb the Final Order on this basis.

Having found that Plaintiffs have not asserted a proper basis upon which the Court may grant relief pursuant to either Rule 59(e) or Rule 60(b), Plaintiffs' Motion to Reconsider will be denied.

**C. Plaintiffs' Motion to Strike Is Without Merit and Will Be Denied**

Finally, the Court turns to Plaintiffs' Motion to Strike. Therein, Plaintiffs argue that the Virginia Defendants' Response in Opposition to the Motion for Reconsideration should be struck as an "unauthorized filing" because it was filed before the Court granted Virginia Defendants' Motion to Substitute Counsel. Mtn. Strike 1, ECF No. 35; Mem. Supp. Mtn. Strike 4, ECF No. 36. This, Plaintiffs contend, amounts to violations of Federal Rules of Civil Procedure 11(a) and 12(f), as well as Local Rule 83.1(G). Mem. Supp. Mtn. Strike 3.

Virginia Defendants counter that counsel entered notices of appearance before filing their Response, and therefore, the Response was signed by an attorney of record. Resp. Opp'n Mtn Strike, ECF No. 37 at 2. They further argue that the Court's granting of the Motion to Substitute Counsel simply allowed former counsel to withdraw; it had no impact on undersigned counsel's representation, which had already begun. *Id.* Finally, Virginia Defendants emphasize that the language Plaintiffs quote from Local Rule 83.1(G) is not found anywhere in that rule. *Id.* Therefore, Virginia Defendants insist their Response does not violate any federal or local rules.

The Court agrees with Virginia Defendants. Virginia Defendants' current counsel entered their appearances in this matter on June 10, 2025. *See* ECF Nos. 29, 30. The Response in

Opposition was filed later that same day, as was the Motion to Substitute Counsel, which asks that the Court allow the withdrawal of former counsel and substitution of new counsel. Because the substituted attorneys were already counsel of record in this matter, the Response in Opposition was properly filed, despite Plaintiffs' assertions that the response is "procedurally defective." Mem. Supp. Mtn. Strike 3. As such, Plaintiffs' Motion to Strike will be denied.

## V. CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Reconsider, pursuant to both Rule 59(e) and Rule 60(b), will be denied. As such, Plaintiffs will not be granted leave to amend their claims, and this case will remain closed. In addition, finding that Virginia Defendants' briefing on the Motion to Reconsider did not violate any federal or local rules, the Court will likewise deny Plaintiffs' Motion to Strike.

An appropriate order shall accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: December 1, 2025
Richmond, Virginia